James LeRoy KARASEK, Appellant,

v.

STATE of Iowa, Appellee.

No. 64337.

Supreme Court of Iowa.

Sept. 23, 1981.

Ray Sullins, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard L.
Cleland, Asst. Atty. Gen., and Donald F.
Starr, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

LeGRAND, Justice.

This is an appeal from the trial court's denial of an application for postconviction relief filed under chapter 663A, The Code. We affirm.

Two issues are raised: (1) ineffective assistance of counsel; (2) admission of improper evidence. Neither has merit.

## I. *Ineffective Assistance of Trial Counsel*

Petitioner was represented at trial by R. Earl Barrett, a Des Moines lawyer. The charge now made is that he did not adequately prepare for trial and that he permitted improper and prejudicial testimony by failing to make timely objection during petitioner's cross-examination.

■ Although petitioner asks us to use this case to announce new and far more demanding standards for defense counsel, we decline to depart from the present rule that defendants are entitled only to a lawyer whose performance is within the range of normal competency. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980); *Cleesen v. State*, 258 N.W.2d 330, 332 (Iowa 1977).

This was a trial for arson. The case was factually uncomplicated. Petitioner testified he was merely passing by the scene of the fire—a junior high school—and was arrested only because he happened to be in the wrong place at the wrong time. This hardly squares with almost overwhelming evidence to the contrary. Petitioner was seen leaving the building, he was chased by several policemen as he ran from the scene, and he was apprehended and arrested when they overtook him.

■ Petitioner claims counsel did not sufficiently inspect the building where the fire occurred to gather ammunition for cross-examination as to lighting and other circumstances which might have been used to test the memory and credibility of the state's witnesses, particularly concerning their identification of petitioner. Counsel visited the scene and made the observations which he felt necessary; but he apparently did not do so at the particular time or to the extent petitioner desired. We are not told how this would have helped the defense. Identification was not a serious issue, as petitioner was arrested on the scene. We find no basis for saying that matters counsel could have observed by a more thorough examination of the building would have been beneficial to petitioner in any way.

■ Next it is claimed that petitioner was prejudiced by trial counsel's failure to proffer the results of certain laboratory tests. The fire was set by "splashing" flammable liquid about its point of origin. To gain entrance to the school, the arsonist had broken several windows. Most of the glass from these windows was inside the school. The state's expert (who was not called as a witness) tested petitioner's clothing and shoes for traces of glass and evidence of flammable liquid of the kind used in setting the fire. He would have testified the results of his tests were inconclusive.

However, that evidence would not necessarily have helped the defense. Counsel might well have decided he could argue this point better with *no* testimony than he could with testimony from which the jury could infer there was such evidence as well as they could infer there wasn't.

■ Petitioner also condemns counsel's failure to ask for a change of venue and his failure to make an opening statement. These are matters of professional judgment about which experienced trial lawyers frequently disagree. They do not reflect on competency nor do they indicate ineffectiveness.

■ Petitioner's remaining specification against counsel concerns the admission of evidence. It arose this way. In cross-examining petitioner, the state asked him about two previous fires at which he had been present. Counsel permitted the questioning as to the first fire without objection. When the state inquired into the circumstances of the second one, objection was made and promptly sustained.

Petitioner's complaint is that the objection came too late. The damaging testimony was already before the jury. Timely objection, we are told, would have prevented this. The state's obvious purpose in such questioning was to point out petitioner's suspicious habit of turning up at fires. This was irrelevant and it was improper for the state to go into these matters.

■ We disapprove of the state's deliberate attempt to introduce irrelevant and potentially prejudicial evidence. Defense counsel could have—and *should* have—prevented the use of this testimony by timely protest, as is apparent from the fact that his belated objection was sustained. Nevertheless, this lapse does not brand counsel's performance as ineffective. Petitioner is not entitled to perfect representation, only that which is within the range of normal competency.

■ Not every error in judgment nor every improvident trial tactic is evidence that counsel was ineffective. *Hinkle*, 290 N.W.2d at 34; *State v. Killpack*, 276 N.W.2d 368, 372 (Iowa 1979); *State v. Veverka*, 271 N.W.2d 744, 750 (Iowa 1978). A lawyer's overall performance should not be judged by a single mistake made during the course of a trial.

All of us, lawyers and judges alike, enjoy post trial infallibility, which permits us to say with certainty what should have been done by the lawyer on the firing line. As we said in *Hinkle*, we should resist the temptation to be a "Monday morning quarterback." 290 N.W.2d at 30.

We have reviewed the transcript of petitioner's arson trial and the transcript of the postconviction hearing. Counsel's performance, taken as a whole, afforded petitioner diligent and effective representation.

## II. *Inadmissible Evidence at the Postconviction Hearing.*

■ The second complaint concerns testimony at the postconviction hearing which petitioner says was both inadmissible and prejudicial. Petitioner's trial counsel was a witness concerning the quality of the representation he gave petitioner. He was asked if he handled the case in "accordance with the normal accepted practices of the bar of this community." Objection to this question was overruled. The objection at trial, and the argument here, is that this inquiry improperly asked Mr. Barrett to express an opinion as to his own effectiveness as petitioner's lawyer.

We need not reach the merits of this argument because Mr. Barrett's answer did not respond to the question asked. Instead he said he had "worked hard" on the case and, if he were starting over again, he "would handle it exactly the same way." This answer did not touch at all the question of "normal accepted practices" nor did it go to the issues of counsel's competency or effectiveness, which were the grounds for the objection. In view of the answer given, it is not necessary to review the asserted error.

We find no reversible error and we affirm the trial court.

AFFIRMED.