**STATE of Iowa, Appellee,**

v.

**Steven Albert RAMEY, Appellant.**

**No. 90–520.**

Court of Appeals of Iowa.

April 23, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Harold Denton, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

Steven Ramey and Thomas Glaus were accused of setting fire to a car owned by Glaus's former girlfriend.

A jury found Ramey guilty of arson in the second degree. Ramey has appealed the resulting conviction.

Ramey contends his trial attorney rendered ineffective assistance by failing to object to several instances of hearsay testimony. The alleged hearsay consisted mostly of testimony recounting statements by several persons, including police officers, which tended to identify Ramey and Glaus as the arsonists.

Ramey also contends his trial attorney rendered ineffective assistance by failing to object to testimony suggesting that Ramey might have been involved in an unrelated crime.

Ramey contends the failure to preserve error constituted ineffective assistance of counsel.

Defendant is not entitled to perfect representation, but only to that which is within the range of normal competency. *Karasek v. State,* 310 N.W.2d 190, 191, 192 (Iowa 1981). We presume that counsel is competent and the test is whether, under the entire record and totality of the circumstances, counsel's performance was within the range of normal competency. *Snethen v. State,* 308 N.W.2d 11

(1981). Rarely do we find failure to preserve error to be sufficiently egregious to deny defendant his right to the effective assistance of counsel under the sixth amendment to the United States Constitution. *See State v. Goff,* 342 N.W.2d 830 (Iowa 1983); *Meier v. State,* 337 N.W.2d 204 (Iowa 1983); *State v. Hrbek,* 336 N.W.2d 431 (Iowa 1983); *State v. Schoelerman,* 315 N.W.2d 67 (Iowa 1982); *State v. Hendren,* 311 N.W.2d 61 (Iowa 1981). These cases concerned the failure to participate actively in the trial, misadvice concerning mandatory minimum sentence prior to guilty plea, failure to address the question of voluntariness of inculpatory statements, and failure to object to marshalling instructions in kidnapping case omitting the specific intent element. *State v. Halstead,* 362 N.W.2d 504, 508–09 (Iowa 1985).

Counsel's failure to object in this case does not rise to a level of egregiousness sufficient to have denied defendant his right to effective assistance of counsel. We first note that of the four statements defendant alleges were inadmissible hearsay, the first statement may have been objectionable on grounds of lack of personal knowledge, Iowa R. Evid. 602, but it was not hearsay. The second statement complained of by defendant helped explain relevant conduct taken in response to the statement; it was not hearsay and was not excludable as such. *See State v. Hollins,* 397 N.W.2d 701, 705 (Iowa 1986). The fourth statement might properly have been admitted as an excited utterance, Iowa R. Evid. 803(2), a present sense impression, Iowa R. Evid. 803(1), or under the res gestae exception to the hearsay rule. *Cf. State v. Haines,* 259 N.W.2d 806, 810 (Iowa 1977). Thus, of the four statements complained of by defendant, only one was objectionable hearsay, and defendant has failed to establish actual prejudice resulted from this alleged error. *See State v. Miles,* 344 N.W.2d 231, 234–35 (Iowa 1984).

We turn now to defendant's contention that counsel was ineffective in failing to object to testimony which allegedly fell

within the prohibition of Iowa Rule of Evidence 404(b).[1] An officer was asked why it was he took the gas station attendant to a particular block for possible identification of the automobile the attendant had seen on the day of the offense. The officer answered, "Approximately two weeks prior to the arson, I was assigned to investigate a theft of two twelve-packs of beer from the Quik Trip on First Avenue East." We do not believe the testimony complained of raised the concerns rule 404(b) was designed to avoid. First, we are not at all sure that this statement referred to the prior acts of defendant. Additionally, this statement was not introduced to show defendant acted in conformity therewith, but was admitted to show why the officer took a witness to a particular block of addresses.

We cannot say that defense counsel's failure to object to any of these statements was sufficiently egregious to have denied defendant of effective assistance of counsel. Rather, our de novo review of the record convinces us defense counsel rendered zealous and effective assistance throughout defendant's trial. We therefore reject defendant's contention of ineffective assistance and we affirm his conviction.

AFFIRMED.

---

1. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith...." Iowa R.Evid. 404(b).