**STATE of Iowa, Appellee,**

v.

**Larry Joe ARTZER, Appellant.**

**No. 99–393.**

Supreme Court of Iowa.

April 26, 2000.

Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn & Montgomery, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Scott Brown, Assistant Attorneys General, and Ronald E. Robertson, County Attorney, for appellee.

CADY, Justice.

This is an appeal from a judgment and sentence for second-degree murder in violation of Iowa Code section 707.3 (1997). We affirm.

## I. Background Facts and Proceedings.

Larry Artzer and William Kolacia were long-time close friends. They had known each other since grade school. On February 23, 1998, the two men were in a Fort Dodge tavern drinking with other friends. Artzer's wife, Barbara, came into the tavern late in the afternoon. She expressed her dislike to Artzer over the amount of time he was spending with his friends and handed him her wedding ring.

Shortly after the confrontation, Artzer left the bar. Barbara told Kolacia she was concerned her husband was going to damage her car. Kolacia offered to check on her car, and left the bar. He never returned. He was found lying dead in the parking lot of the tavern approximately ten minutes later. He had been shot with a bullet from a small caliber gun.

Not long after the shooting Artzer called the police to turn himself in. He later related portions of the incident to police. He told police he recalled telling Kolacia to get away from him, and remembered Kolacia lying on the ground. He also disclosed to police the location of the handgun used to shoot Kolacia. Additionally, Artzer called his father and told him he had shot Kolacia.

A subsequent investigation by police discovered several witnesses to the shooting. Although none of the witnesses were actually able to see the shooting, several heard the gunshot followed by the statement, "I told you I was going to shoot you." One witness described the voice as "mean."

Artzer was charged and tried for first-degree murder. He claimed the defense of diminished responsibility and intoxication. The jury found him guilty of second-degree murder, but the district court

granted Artzer a new trial based on error during the jury deliberations. The motion for new trial was granted on October 29, 1998.

A new trial was scheduled for January 11, 1999. The State subsequently amended the trial information to charge Artzer with murder in the second degree.

On December 10, 1998, substitute counsel entered an appearance for Artzer. On the same date, Artzer filed a motion for continuance of the trial. He alleged his new counsel had planned a vacation during the scheduled trial, and was also unable to begin preparing his defense because he had not yet received his file from previous trial counsel.

The district court held a hearing on the motion for continuance on December 18, 1998. Artzer's new counsel received the file from prior counsel sometime before the hearing. The district court denied the motion. It found no "good and compelling cause" to extend time for trial.

A trial was held on January 19, 1999. Counsel for Artzer did not raise the defenses of diminished responsibility and intoxication, although Artzer had a lengthy psychiatric history, and a record of alcohol and drug abuse.

The jury found Artzer guilty of murder in the second degree on January 22, 1999. The district court set sentencing for February 19, 1999.

On February 11, 1999, Artzer filed a motion for new trial. The motion challenged the sufficiency of the evidence. Artzer, however, again terminated his relationship with his trial attorney and obtained different counsel.

On February 16, 1999, new counsel entered an appearance for Artzer and filed a motion for continuance of sentencing. Artzer also sought a transcript of the trial to enable his new attorney to prepare additional post-trial motions. Artzer believed his trial counsel was ineffective and he wanted time to gather evidence and amend the pending motion for a new trial to allege grounds of ineffective assistance of counsel.

The district court denied the application for a continuance of sentencing. It found Artzer did not establish good cause for a continuance. The district court determined the delay in sentencing would be too time consuming and disruptive to an orderly trial process, and concluded that any claim of ineffective assistance of counsel could be raised on appeal or postconviction relief.

Artzer was sentenced to a term of incarceration not to exceed fifty years. He was also ordered to pay statutory restitution to the victim's estate in the sum of $150,000. Artzer appeals.

## II. Scope of Review.

Our scope of review varies with the nature of the claims raised. We review claims of insufficient evidence for errors at law. Iowa R.App. P. 4. We review the denial by the district court of a motion for continuance for an abuse of discretion. *See Countryman v. McMains*, 381 N.W.2d 638, 640 (Iowa 1986). We review claims involving violations of our constitution de novo. *State v. Pace*, 602 N.W.2d 764, 768 (Iowa 1999). We review challenges to statutes for errors at law. *State v. Orozco*, 573 N.W.2d 22, 24 (Iowa 1997).

## III. Sufficiency of Evidence.

Artzer claims there was insufficient evidence to establish he acted with malice aforethought. The claim is based largely on his long-time close relationship with Kolacia and the lack of any apparent dispute or disagreement between the two men prior to the shooting.

Malice aforethought is an essential element of murder in the second degree. *See* Iowa Code §§ 707.1, .3 (1997). It is "a fixed purpose or designed to do some physical harm to another which exists prior to the act committed." *State v. Sharpe*, 304 N.W.2d 220, 226 (Iowa 1981).

The intent to inflict harm, however, need not exist for any period of time prior to the act. *State v. Love*, 302 N.W.2d 115, 119 (Iowa 1981). Moreover, it can be inferred from the use of a weapon. *State v. Whiteside*, 272 N.W.2d 468, 472 (Iowa 1978); *State v. Woodmansee*, 212 Iowa 596, 620, 233 N.W. 725, 733 (1930).

We find substantial evidence to support the conviction for murder in the second degree. The record reveals substantial evidence Artzer shot Kolacia with a handgun. Additionally, witnesses overheard a confrontation between the two men just prior to the shooting. This confrontation, along with the evidence that Kolacia was shot with a handgun, supports a finding of malice aforethought. We find a rational trier of fact could conclude Artzer committed murder in the second degree.

## IV. Denial of Motions For Continuance.

Artzer alleges the trial court committed error in denying his motions to continue the trial and the sentencing. Artzer sought to continue the trial after terminating his relationship with his original trial counsel to give his new trial attorney additional time to prepare for trial, and to accommodate his attorney's scheduled vacation. Artzer also wanted to obtain an expert witness, and sought additional time to reconsider his defense of diminished responsibility and intoxication.

Artzer moved to continue the sentencing after he terminated his relationship with his second trial attorney. He asked for additional time before sentencing to permit his new attorney to file a post-trial motion for new trial. Artzer wanted to raise the claim of ineffective assistance of trial counsel as an additional ground for a new trial.

### A. Continuance of Trial.

■ A motion for continuance for trial may be granted only "upon a showing of good and compelling cause." Iowa R.Crim. P. 8.1(2). Otherwise, the date assigned for trial is considered fixed. *Id.* The decision to grant or deny a motion for continuance rests in the sound discretion of the trial judge. *State v. Leutfaimany*, 585 N.W.2d 200, 209 (Iowa 1998). It will not be disturbed on appeal unless an injustice has resulted. *Id.* The standard recognizes the interest of both the state and the defendant in a speedy and fair trial. *Id.*

■ In this case, substitute counsel entered his appearance more than one month prior to trial. Furthermore, the request for a continuance was filed at the same time as the appearance. Substitute counsel could not have known at the time whether additional time was actually needed without having reviewed the file and the trial preparation conducted by prior counsel. Considering the time remaining before trial and the availability of the trial preparation by the attorney who represented Artzer in the first trial, the motion was premature.

We also consider that substitute counsel never filed an additional motion for continuance after he started to pursue his own trial preparation. Substitute counsel did claim additional time was needed to obtain an expert witness on the issues of diminished capacity and intoxication, but later decided not to pursue these defenses. There is no indication the decision to abandon the defenses of diminished capacity and intoxication was based on the lack of time for preparation.

We also reject any notion that the trial should have been continued to accommodate the vacation schedule of substitute counsel. Substitute counsel had the option of declining the request to represent Artzer to avoid the conflict. The interests of the State and a defendant in a speedy and fair trial do not embrace the self-inflicted personal interests of counsel.[1] Consider-

---

1. While the record does not reveal the reason, the trial court did enter an order on December 29, 1998, rescheduling the trial from January 11, 1999 to January 19, 1999. The motion for continuance indicated substitute

ing all of the circumstances as revealed by the record, we find the trial court acted well within its discretion to deny the motion for continuance of trial.

### B. Continuance of Sentencing.

■ In considering the motion for continuance of the sentencing, we agree with the sound reasoning of the district court that the symmetry afforded the trial process precludes unnecessary delay in sentencing. A trial judge is required to set a date for the pronouncement of judgment and imposition of sentence within a reasonable time after a verdict of guilty. *See generally* Iowa R.Crim. P. 22(1). Any post-trial motions must be heard within thirty days after they are filed, absent good cause. Iowa R.Crim. P. 23(2)(e), (3)(f). The process does not contemplate unnecessary delay between the verdict of guilty and the entry of judgment and sentence.

In this case, Artzer did not explain the reason new counsel was needed for sentencing, other than to pursue the claim of ineffective assistance of trial counsel. He also failed to allege any specific error which the transcript would confirm. There was no good cause alleged to support a delay in sentencing, and Artzer failed to point to any resulting prejudice. Under the circumstances, it was unnecessary to prolong the sentencing process for the purpose of injecting claims of ineffective assistance of counsel which could be raised on appeal or in a postconviction relief action. The trial court did not abuse its discretion in denying the motion for continuance.

### V. Ineffective Assistance of Counsel.

Artzer claims he was denied effective assistance of counsel in two ways. He asserts trial counsel was ineffective by failing to offer expert testimony regarding his prior mental problems. He also claims trial counsel was ineffective for failing to

counsel had a week-long vacation scheduled

raise the defenses of intoxication and diminished capacity.

■ A defendant is entitled to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692 (1984). The test is "whether under the entire record and totality of the circumstances counsel's performance was within the normal range of competence." *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). A defendant is not entitled to perfect representation, rather representation which is within the normal range of competency. *Karasek v. State*, 310 N.W.2d 190, 192 (Iowa 1981). Ordinarily, ineffective assistance of counsel claims are reserved for postconviction relief actions. *State v. Carter*, 602 N.W.2d 818, 820 (Iowa 1999). However, when the appellate record is sufficient to permit a ruling, we will address the claims on direct appeal. *Id.*

■ In order for Artzer to prevail, the record must demonstrate (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Jones v. Scurr*, 316 N.W.2d 905, 911 (Iowa 1982). Prejudice is found where there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ The defenses of intoxication and diminished capacity are not available to a defendant charged with second-degree murder. *See State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986); *State v. Gramenz*, 256 Iowa 134, 142–43, 126 N.W.2d 285, 290–91 (Iowa 1964). This is because voluntary intoxication and diminished capacity are only defenses to the specific intent element of a crime. *Caldwell*, 385 N.W.2d at 557; *Veverka v. Cash*, 318 N.W.2d 447, 449 (Iowa 1982). Second-degree murder has no specific intent element. *See Caldwell*, 385 N.W.2d at 557; Iowa Code § 707.3 (1997).

beginning January 11, 1999.

Accordingly, trial counsel could not be ineffective for failing to pursue defenses which have no legal basis under the pending charges. *See State v. Plowman,* 386 N.W.2d 546, 551 (Iowa App.1986). We find Artzer failed to establish trial counsel neglected to perform an essential duty.

### VI. Iowa Code section 910.3B (Supp. 1997).

Artzer claims the restitution award of $150,000 imposed as a part of the sentence violated the Excessive Fine and Double Jeopardy Clauses of the state and federal constitutions. He also claims the trial court erred by not exercising its discretion in determining whether to impose the restitution award.

We recently addressed the issue of the constitutionality of the restitution award under section 910.3B (Supp.1997) in *State v. Izzolena,* 609 N.W.2d 541, 545 (Iowa 2000). Based upon the same reasoning, we find the $150,000 restitution award in this case does not constitute an excessive fine, nor violate notions of double jeopardy.

We also recently addressed the issue of the mandatory nature of the award pursuant to section 910.3B (Supp.1997) in *State v. Klawonn,* 609 N.W.2d 515, 517 (Iowa 2000). Based upon the same reasoning, we determine the trial court was required under the section to impose the minimum restitution award. Therefore, we affirm the $150,000 restitution award payable to Kolacia's estate.

### VII. Cumulative Effect.

Artzer alleges the cumulative error by the trial court in denying his motion to continue the trial, denying his motion to continue the sentencing, and denying his motion for judgment of acquittal based upon insufficient evidence resulted in the denial of his right to a fair trial. Having found each of the underlying claims to have no merit individually, we reject the claim of cumulative error.

### VIII. Conclusion.

We affirm Artzer's conviction for murder in the second degree and the accompanying sentence which includes an indefinite term of imprisonment not to exceed fifty years and the $150,000 restitution award payable to Kolacia's estate.

### AFFIRMED.

All justices concur except SNELL, J., who concurs in part and dissents in part, and LAVORATO and TERNUS, JJ., who take no part.

SNELL, Justice (concurring in part and dissenting in part).

I concur excepting for division VI to which I dissent for the reasons expressed by Justice Lavorato's dissent in *State v. Izzolena,* 609 N.W.2d 541 (Iowa 2000), in which I joined. I would vacate the restitution order and remand so that the district court could then determine the amount of restitution in a meaningful hearing.