[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
Robert Kirk pled guilty to third-degree burglary. At the sentencing hearing, the State recommended imprisonment. After defense counsel and Kirk spoke in favor of a lesser punishment, defense counsel made the following request:
 Your Honor, along with that we have Theresa Bolan, who is his case worker that was going to speak on our behalf, on his behalf, but she left the courtroom to put money in the meter. And if the Court would give us a few minutes, I believe she should be able to return and make some positive comments.
The district court denied the request, stating:
 I don't think that will be necessary. I've had a chance to review the presentence investigation report and believe that its recommendation is appropriate under the circumstances. Ordinarily a person of Mr. Kirk's age and relative lack of criminal history and everything else that's presented in this case would justify a suspended sentence and probation. However, as Mr. Allen has properly noted, those opportunities have all been afforded Mr. Kirk for a number of years.
 I cannot think of a single option that wasn't addressed throughout, Mr. Kirk, your participation in the Youthful Offender Program. And I am sure that similar statements to those made today on your behalf were made at the various stages of your probation — or, excuse me, your participation and failure through that YOP program.
 I don't — by ruling today, I don't believe that rehabilitation is impossible, but I believe that the experience of incarceration and the loss of that liberty is what needs to be experienced to afford you the chance to decide whether you want to act the way you've acted over the last two or three years or turn things around.
Kirk was sentenced to a term of imprisonment not exceeding five years.
On appeal, Kirk asserts the district court abused its discretion in disallowing the testimony of the case worker. The State counters that Kirk's attorney did not create an adequate record for review because he failed to make an offer of proof.
Addressing the State's contention first, the pertinent rule of evidence provides:
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and either of the following exists:
 . . .
 In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
Iowa R. Evid. 5.103(a)(2). We are not persuaded that an offer of proof was necessary as the nature of the testimony was apparent from defense counsel's statements. Specifically, counsel identified the witness as Kirk's "case worker," stated she intended to speak "on [Kirk's] behalf," and said she would make "some positive comments." It is clear, therefore, that the proposed testimony was from a knowledgeable source and was directed to reducing Kirk's punishment. We conclude the record is adequate for our review. Cf. State v. Greene,592 N.W.2d 24, 28 (Iowa 1999) (holding error is not preserved without an offer of proof "unless the whole record makes apparent what is sought to be proven").
Turning to the court's decision to exclude the proposed testimony, we note that the testimony went to the key sentencing issue: whether imprisonment or a lesser punishment was warranted. See Iowa Code § 901.5 (2005) (instructing court to receive and examine "all pertinent information" before imposing sentence). Additionally, Kirk was not requesting a formal continuance to present the information but merely a "few more minutes" while the witness plugged her parking meter. Cf. State v. Artzer, 609 N.W.2d 526, 531
(Iowa 2000) (stating "the symmetry afforded the trial process precludes unnecessary delay in sentencing"). Finally, as the presentence investigation report made no mention of this particular witness, the proposed testimony was not cumulative. For these reasons, we conclude Kirk's witness should have been allowed to testify prior to sentencing.
JUDGMENT AFFIRMED, SENTENCE VACATED AND REMANDED FORRESENTENCING.