# IN THE COURT OF APPEALS OF IOWA

No. 15-1454
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALLAS LEROY HAWKINS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt (plea) and Carol L. Coppola (sentencing), District Associate Judges.

Dallas Hawkins appeals his convictions for possession of crack cocaine and operating while intoxicated. **AFFIRMED.**

Molly E. Alley of Oliver Gravett Law Firm, P.C., Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Dallas Hawkins appeals his convictions for possession of crack cocaine and operating while intoxicated (OWI), first offense. He claims his trial counsel provided ineffective assistance by failing to investigate and challenge whether the arresting officer had reasonable suspicion to request a preliminary breath test. We affirm the conviction and preserve the ineffective-assistance claim for possible postconviction-relief (PCR) proceedings.

On March 14, 2014, Hawkins was arrested for OWI, possession of marijuana, and possession of crack cocaine. On June 29, 2015, he pleaded guilty to OWI, first offense, in violation of Iowa Code section 321J.2(2) (2013), and possession of a controlled substance (crack cocaine), in violation of Iowa Code section 124.401(5). As a result of the plea, the State agreed to dismiss Hawkins's other possession charge. The district court, following the recommendations in the plea agreement, sentenced Hawkins to one year of incarceration with all but seven days suspended and an additional four days' credit upon completion of an OWI second-offender program. The court imposed fines of $1250 for the OWI charge and $315 for the possession charge. Hawkins now appeals.

Hawkins claims his trial counsel was ineffective for failing to investigate the legality of the traffic stop and failing to challenge whether the arresting officer had reasonable suspicion to request a preliminary breath test. We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Hawkins must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466

U.S. 668, 687 (1984). The claim fails if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008). Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal and preserve such claims for PCR proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). However, we will address such claims on direct appeal when the record is sufficient to permit a ruling. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000).

In making his ineffective-assistance claim, Hawkins relies heavily upon a video captured from the police officer's patrol car. This video was not filed in the district court and is not a part of the record. Even if we had access to the video, we could not consider it on appeal. *See* Iowa R. App. P. 6.801; *see, e.g.*, *State v. Brigance*, No. 12-1346, 2013 WL 1224102, at *1 (Iowa Ct. App. Mar. 27, 2013) (declining to consider on appeal an affidavit not filed with the district court). We find the record insufficient to address Hawkins's ineffective assistance of counsel claim. We affirm Hawkins's convictions and preserve his ineffective-assistance claim for a possible PCR proceeding.

**AFFIRMED.**