# IN THE COURT OF APPEALS OF IOWA

No. 16-0584
Filed October 26, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**CLYDE ARRINGTON,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek (guilty plea) and Joel W. Barrows (sentencing), Judges.

Clyde Arrington appeals his conviction and sentence following his guilty plea to one charge of failure to comply with the sex offender registry as a second or subsequent offender. **AFFIRMED.**

Eric D. Tindal of Nidey Erdahl Tindal & Fisher, P.L.C., Williamsburg, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Clyde Arrington pled guilty to one charge of failure to comply with the sex offender registry as a second or subsequent offender. He challenges his plea, arguing he received ineffective assistance of counsel. He also argues the district court abused its discretion both in denying his motion to continue the sentencing hearing and in sentencing him to incarceration. After reviewing Arrington's claims and finding they lack merit, we affirm.

**I. Factual Basis for the Guilty Plea.**

Arrington challenges his conviction on appeal, arguing his trial counsel was ineffective in allowing him to plead guilty without a factual basis. Arrington failed to file a motion in arrest of judgment, which bars the direct appeal of his conviction unless the failure resulted from ineffective assistance of counsel. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006).

To succeed on a claim of ineffective assistance of counsel, Arrington must show his trial counsel failed to perform an essential duty and that failure resulted in prejudice. *See Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). If counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when no factual basis supports the defendant's guilty plea, counsel has breached an essential duty, and we presume prejudice. *See id.* at 29.

Although Arrington argues there is no factual basis to support the element that he knew or reasonably should have known of his duty to register as a sex offender, *see* Iowa Code § 692A.111(1) (2013), we disagree. When asked at the

plea hearing to state what he had done to commit the crime to which he was pleading guilty, Arrington stated:

> I was required to register with the Scott County Sheriff's Department on a certain date, by a certain date, and I neglected to do that, and I just didn't register. My dates were messed up in my head, so I am guilty of that. I mean, I didn't register as I was supposed to. I just . . . didn't do it, so I'm guilty.

He admitted he had been previously convicted of failing to register.

On appeal, Arrington notes the convictions that required him to register with the sex offender registry occurred in 1987 and 1998 and that the reporting requirements changed in 2009. He argues there is no evidence he knew of the change in reporting requirements, claiming his statements at the plea hearing only show his confusion about the registration requirements. Though Arrington does express confusion over "dates," there is nothing to suggest he was confused about the reporting requirements. Rather, the minutes of evidence show Arrington was informed of the reporting requirements when he registered in June 2014, and he failed to register thereafter. *Cf. State v. Krugle*, No. 02-0083, 2002 WL 31883017, at *2 (Iowa Ct. App. Dec. 30, 2002) (finding Krugle's prior registrations established he knew of his obligations under chapter 692A). Because the record provides a factual basis for Arrington's guilty plea, counsel was not ineffective in allowing Arrington to plead guilty. We affirm Arrington's conviction of failure to comply with the sex offender registry as a second or subsequent offender.

**II. Denial of Motion to Continue Sentencing.**

Arrington next argues the trial court abused its discretion in denying his motion to continue the sentencing hearing. *See State v. Artzer*, 609 N.W.2d 526,

531 (Iowa 2000) (applying the abuse-of-discretion standard in reviewing a denial of a motion to continue sentencing on the basis that "the symmetry afforded the trial process precludes unnecessary delay in sentencing"). With regard to this issue, our supreme court has stated:

> A trial judge is required to set a date for the pronouncement of judgment and imposition of sentence within a reasonable time after a verdict of guilty. Any post-trial motions must be heard within thirty days after they are filed, absent good cause. The process does not contemplate unnecessary delay between the verdict of guilty and the entry of judgment and sentence.

*See id.* (citations omitted).

The district court accepted Arrington's guilty plea on September 30, 2015, and it scheduled a sentencing hearing for December 17, 2015. It appears that because Arrington and the State were in the process of negotiating an agreement for Arrington to cooperate with law enforcement, the sentencing hearing was continued until March 3, 2016, so that the details of that agreement could be presented at sentencing. Then, on February 16, 2016, Arrington's counsel withdrew from his representation, and Arrington was appointed new counsel the same day. Arrington's new counsel requested a continuance of the sentencing hearing to allow counsel "time to prepare for sentencing," which the State resisted, noting the case had been pending for almost a year and a half, and five months had passed since Arrington pled guilty. The State argued, "The only preparation necessary for [sentencing] would be for counsel to review the [presentence investigation (PSI) report] and meet with his client, a task which shouldn't take more than a week to accomplish," and the district court denied the motion. On appeal, Arrington claims additional time was needed before

sentencing to allow his new counsel to consider filing a motion in arrest of judgment. However, Arrington was well beyond the forty-five day deadline for filing a motion in arrest of judgment when his new counsel was appointed. *See* Iowa R. Crim. P. 2.24(3)(b) ("The motion must be made not later than [forty-five] days after plea of guilty."). On the facts before us, we find no abuse of discretion. Therefore, we affirm the denial of Arrington's motion to continue the sentencing hearing.

**III. Sentence.**

Finally, Arrington challenges the sentence imposed on his conviction, arguing the court failed to provide sufficient reasons for sentencing him to a term of incarceration.

Sentencing decisions carry a strong presumption in their favor. *See State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Therefore, we will uphold the court's sentence absent an abuse of discretion or defect in the sentencing proceeding. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). In order to review the exercise of its discretion, the sentencing court must state on the record its reasons for selecting the sentence imposed. *See id.* at 919 (citing Iowa R. Crim. P. 2.23(3)(d)). Each sentencing decision must be made on an individual basis, and no single factor alone is determinative." *Johnson*, 513 N.W.2d at 719.

In sentencing Arrington to incarceration, the court cited Arrington's "significant criminal history," his "numerous previous failures on supervision," and the recommendation in the PSI report. The reasons set forth are sufficient to allow us to review the sentence and determine the court acted within its

discretion in sentencing Arrington to a term of no more than five years in prison.

Finding no abuse of discretion, we affirm Arrington's sentence.

**AFFIRMED.**