# IN THE COURT OF APPEALS OF IOWA

No. 16-0594
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYAN M. WILLIAMS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

A defendant challenges his sentence for theft.  **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Bryan Williams stole his neighbor's purse in December 2013. The value of the property exceeded one thousand dollars. Williams was charged with theft in the second degree, a class "D" felony. *See* Iowa Code § 714.2(2) (2013).

Williams negotiated a plea agreement with the State. Pursuant to the plea agreement, if Williams paid restitution in full and obtained a substance-abuse evaluation by the time of sentencing, the State would reduce the charge to theft in the third degree. *See id.* § 714.2(3).

The parties appeared for sentencing on March 10, 2016. There, Williams requested a one-week continuance to secure payment from an employer for a job he had done and complete the substance-abuse evaluation. The State resisted the continuance, but the court ultimately continued the sentencing until March 18. On March 18, Williams appeared with $400 toward the restitution requirement but no substance-abuse evaluation. He again asked for a continuance. The sentencing hearing was continued until April 1. On April 1, Williams appeared, having partially completed the substance-abuse evaluation but failing to provide a urine sample and making no additional progress toward restitution. Again he moved for a continuance. The court recessed for a period of time to give Williams more time to see if he could fully comply, but when no further progress was made, the court denied his motion and sentenced Williams to a term not to exceed five years in prison.

Williams appeals. He argues the district court abused its discretion in denying his motion to continue sentencing and in sentencing him to prison for a period not to exceed five years. *See State v. Barnes*, 791 N.W.2d 817, 827

(Iowa 2010) (stating sentencing orders are reviewed for abuse of discretion); *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000) (stating appellate review of denial of motion to continue is for abuse of discretion).

### A. Continuance

Ordinarily, the decision whether to grant or deny a motion to continue is within the discretion of a trial court. *See Artzer*, 609 N.W.2d at 530. We may reverse a denial of a continuance, however, if "substantial justice will be more nearly obtained" with the continuance. *State v. Ruesga*, 619 N.W.2d 377, 384 (Iowa Ct. App. 2000). This requires the moving party to show "good and compelling cause." *State v. Hardin*, 569 N.W.2d 517, 521 (Iowa Ct. App. 1997).

Williams argues good cause exists because the two continuances he was granted were for but a short time, he had done work to secure funds to pay his restitution, and he had done everything short of provide a urine sample to get his substance-abuse evaluation. This falls short of good cause. It is likely the continuances were short because the requirements were easy. That Williams was unable or unwilling to do what was necessary demonstrates why the district court ultimately denied his final motion to continue. Williams had substantial opportunities to comply with the terms of the plea agreement. He did not do so despite two continuances afforded him. The district court did not abuse its discretion in denying his third motion to continue.

### B. Sentence

Every sentencing decision must fit the particular person and circumstances involved in a case. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). When a sentencing court has discretion, "it must exercise that

discretion." *State v. Johnson*, 630 N.W.2d 583, 590 (Iowa 2001). If a court fails to exercise its discretion, the sentence must be vacated and the case remanded for resentencing. *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003).

Williams argues the court failed to exercise its discretion because he did not threaten the victim of his theft and did not place her in any fear, the plea agreement contemplated a reduction in his charge, and the presentence investigation report (PSI) prepared by the Iowa Department of Correctional Services recommended he be sentenced to probation. The court stated on the record it had reviewed the PSI that contained the department's recommendation. The court also stated it was considering the seriousness of the crime, the effect of the crime on the community, Williams's willingness to accept change and treatment, the community resources available to assist Williams in the rehabilitative process, Williams's lengthy criminal history, his substance-abuse history and unsuccessful attempts at substance-abuse treatment, his history of failing to comply with probation, and his limited work history. The district court's lengthy and thorough colloquy shows a considered review of options. It is clear Williams's criminal history and previous failed attempts at rehabilitation weighed heavily in the district court's determination. Those are proper considerations for a district court to make in imposing sentence. *See* Iowa Code §§ 901.5, 907.5; *State v. Bentley*, 757 N.W.2d 257, 266 (Iowa 2008). Nothing in the record suggests the court considered improper factors or abused its discretion.

**AFFIRMED.**