# IN THE COURT OF APPEALS OF IOWA

No. 17-0030
Filed October 10, 2018

**CARDNEL BROWN JR.,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Applicant for postconviction relief appeals the district court denial of his application. **AFFIRMED.**

Andrew Dunn of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Cardnel Brown Jr. appeals the dismissal of his application for postconviction relief (PCR).  On appeal, he claims his counsel provided ineffective assistance.  We find Brown failed to establish by a preponderance of evidence his counsel provided ineffective assistance.  We affirm the district court.

## I.      Background Facts & Proceedings

Following a series of three robberies in fall 2011, Brown was charged with three counts of robbery in the second degree and two counts of kidnapping in the third degree.  In 2013, prior to trial, Brown and the State reached an agreement where Brown stipulated to being a habitual offender in exchange for the State reducing the two felony counts of kidnapping in the third degree to misdemeanor counts of false imprisonment.  Following a jury trial, Brown was convicted of two counts of second-degree robbery and acquitted of the other three charges.  In *State v. Brown*, No. 13-0456, 2014 WL 2600221, at *3 (Iowa Ct. App. June 11, 2014), this court addressed his claims of insufficient evidence and affirmed his convictions.  We will not restate the background facts, as they are set out in our prior opinion.  *Brown*, 2014 WL 2600221, at *1–2.  The sentencing court ordered consecutive sentences and applied a habitual-offender enhancement increasing the mandatory minimum sentence.

Brown filed a pro se application for PCR on November 30, 2014.  Counsel later supplemented the application on May 13, 2016.  The court denied the application on December 14, 2016.

On appeal, Brown claims his trial counsel failed to provide effective assistance in three ways: (1) advising Brown to try the three robberies he was

charged with in a single proceeding; (2) failing to move to suppress pretrial photo lineup identifications; and (3) failing to ensure the court colloquy met the requirements for a voluntary and intelligent guilty plea to the habitual offender enhancement.

## II.    Standard of Review

We ordinarily review PCR proceedings for errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III.    Merits

As an initial matter, Brown argues Iowa should interpret its constitutional guarantee to a fair trial and the assistance of counsel separately from the federal guarantee using a different standard. Iowa courts have a well-established analysis used to examine ineffective-assistance claims based on the federal standard. *See, e.g.*, *King v. State*, 797 N.W.2d 565, 571, 575–76 & n.3 (Iowa 2011) (applying a similar analysis under both federal and state constitutions). It is the duty of the lower courts to follow the law as expressed by our supreme court. Accordingly, we are obliged to decline Brown's request to create a new test and standard under the Iowa constitution for ineffective-assistance-of-counsel claims.

Applying our traditional test requires the applicant to prove (1) trial counsel failed an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "A defendant is not entitled to perfect representation, rather representation which is within the normal range of competency." *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). If a claimant raises multiple instances of ineffective assistance, we cumulate the prejudice for

those claims where we find counsel failed an essential duty. *State v. Clay*, 824 N.W.2d 488, 501–02 (Iowa 2012). Miscalculated trial strategy and mistakes in judgment do not normally rise to ineffective assistance of counsel, but counsel's decision must be based on a reasonable investigation of relevant law and facts and within the scope of a reasonably competent attorney. *Ledezma*, 626 N.W.2d at 142–43.

### A. Trial severance

Brown first claims his trial counsel should have moved to sever the charges into three trials because the jurors cumulated evidence and drew inferences Brown committed all three robberies. To be tried together, multiple public offenses must be part of the same transaction or a common scheme or plan. *State v. Oetken*, 613 N.W.2d 679, 688 (Iowa 2000). The offenses must have a single or continuing motive, not simply be committed by the same person. *Id.*

The robberies in Brown's case occurred August 23, September 4, and September 6, 2011. The State initially filed the charges as three separate cases. On May 30, 2012, the State filed, and the court granted, a motion to consolidate the cases alleging the charges arose out of a common scheme or plan.

Brown's trial counsel testified at the PCR trial and articulated several reasons why they elected to try the cases together. First, the defense used an out-of-state expert on eye-witness identification, whose testimony fees Brown likely would have been required to pay. Next, the inconsistencies between the witnesses from the three robberies in their descriptions of identifying features could have cumulated for the jury to find Brown committed none of the robberies. Counsel also explained his intent to use the police's use of a single photo lineup in all three

cases, how it was presented to the witnesses, and the seeming predetermination of Brown's guilt by police in a general trial strategy of getting the jury to believe the police were wrong in all three cases.

Brown stated on the record in the pretrial conference that he understood he could have three separate trials and had agreed to try all the charges at once. "Generally, we must balance any unfair prejudice that could result from a joint trial against the State's interest in judicial economy." *Id.* at 689.

Here, witnesses from each of the three robberies testified. Brown's counsel had an articulable trial strategy to have all the charges tried together in order to highlight inconsistencies in the witness descriptions and identifications. The instructions clearly directed the jury to determine guilt on each separate count, and to not conclude the defendant was guilty or not guilty based on the verdict for any other count. *See id.* We previously found the evidence sufficient to convict Brown of both guilty verdicts. *Brown*, 2014 WL 2600221, at *3. The jury was clearly able to compartmentalize the facts for each charge, resulting in a not guilty verdict on two counts, a guilty verdict on two, and a hung jury on the fifth.

Based on the record, we cannot say counsel's strategic decision—which Brown consented to on the record—to try all three robberies together was the result of lack of diligence or based on an inadequate investigation or unreasonable professional judgment. Counsel did not fail an essential duty, and therefore did not provide ineffective assistance by not filing a motion to sever.

**B.	Motion to suppress witness identifications**

Next, we address whether counsel should have filed a motion to suppress the pretrial photo identifications by eyewitnesses in the robberies. Brown claims

the State used impermissibly suggestive procedures in the eyewitness identifications. He claims the jury's verdict rested on the cumulative effect of all the eyewitnesses identifying him in the photo array presented by law enforcement.

Brown's counsel testified to considering a motion to suppress the pretrial photo identification lineup. Counsel testified he did not think the police complied with proper procedure, but the errors were not sufficient to result in suppression.

As we explained in Brown's direct appeal, the photo arrays contained a group of similar individuals. *Brown*, 2014 WL 2600221, at *2. "Anything less than a very substantial likelihood of misidentification is evidence for the jury to weigh." *State v. Rawlings*, 402 N.W.2d 406, 407 (Iowa 1987) (defining what an impermissibly suggestive photographic identification procedure would be). Normally, all that is required is "a reasonable effort to harmonize the lineup." *Id.* at 408. Brown's counsel took steps to counter any impermissible suggestiveness by creating his own photo array and had the opportunity to cross-examine the witnesses and offer expert testimony on the fallacies of eyewitness identification. *Brown*, 2014 WL 2600221, at *3. We conclude that under the totality of the circumstances a substantial likelihood of irreparable misidentification has not been established. Therefore, the question would have been left to the jury, and the motion to suppress would not have been granted.

"Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). "Counsel has no duty to raise an issue that has no merit." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). If we find the proposed motion to suppress would have been denied, the applicant cannot prove counsel failed to perform an

essential duty. *See id.* Because we find the proposed motion to suppress would have been denied, Brown cannot prove counsel failed to perform an essential duty.

### C. Habitual offender

Brown's third claim of ineffective assistance of counsel on appeal cites counsel's failure to object to defects in the habitual-offender proceedings based on Iowa Supreme Court precedent released *after* the district court's dismissal of his application for PCR in December 2016. *See State v. Harrington*, 893 N.W.2d 36, 46–47 (Iowa 2017) (requiring a habitual offender plea colloquy to follow the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b)). The district court had no opportunity to consider the question Brown now raises, and error is not preserved. Our error preservation rules exist to ensure a record of some form is available for the appellate court to review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006). Because an ineffective-assistance-of-counsel claim requires an evaluation of counsel's actions in the context of a reasonably competent attorney, the court needs evidence for the standard of a reasonably competent attorney at a habitual offender colloquy at the time of the hearing in February 2013. The record here is devoid of evidence regarding the 2013 standard, and is therefore insufficient for this court to address Brown's new claim.

However, even had error been preserved, Brown's claim would fail because he has not alleged prejudice. The defects Brown claims in the plea colloquy on the habitual-offender enhancement consist of a failure to advise of the rights inherent in the right to trial—jury, assistance of counsel, confront and cross-

examine witnesses, and against self-incrimination—and the requirement to raise defects in a motion in arrest of judgment. The colloquy on Brown's prior convictions fully complied with rule 2.19(9) governing prior convictions, and substantially complied with rule 2.8, and nothing in the record indicates Brown failed to understand the nature of the habitual-offender decree or the significance of his admission. *See Oetken*, 613 N.W.2d at 688.

"When challenging a plea under the rubric of ineffective assistance of counsel, the defendant satisfies the prejudice prong if he [. . .] can show 'there is a reasonable probability that, but for counsel's errors, he [. . .] would not have pleaded guilty and would have insisted on going to trial.'" *State v. Weitzel*, 905 N.W.2d 397, 402 (Iowa 2017) (quoting *Straw*, 709 N.W.2d at 138). We do not recognize a per se rule of prejudice for a deficiency in a plea colloquy. *See State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008). Brown makes no claim on appeal he would have rejected the plea agreement decreasing the severity of two of the five charges against him to demand a trial on his identity as a habitual offender had he been informed the right to trial he knowingly and voluntarily waived included the rights to a jury, the assistance of counsel, to confront and cross-examine witnesses, and against self-incrimination.

We conclude the district court had no opportunity to evaluate Brown's *Harrington* claim. Moreover, he has not shown by a preponderance of the evidence that he was prejudiced by counsel's failure to object to the shortened colloquy on his trial rights as to the habitual-offender admission. We affirm the decision of the district court.

**AFFIRMED.**