# IN THE COURT OF APPEALS OF IOWA

No. 17-1719
Filed November 21, 2018

**TRAVIS HOPPE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Andrew B. Chappell,
Judge.

Travis Hoppe appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Anne K. Wilson of Anne K. Wilson Law Office, PLLC, Hiawatha, for
appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney
General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Travis Hoppe was arrested and charged with first-degree theft in connection with the removal of concrete forms[1] from a Cedar Rapids parking lot. *See* Iowa Code § 714.2(1) (2014). Hoppe pled guilty to the charge. The district court sentenced him to a prison term not exceeding ten years, suspended the term, and placed him on probation.

Hoppe appealed. This court affirmed his conviction and preserved "his ineffective-assistance-of-counsel claim for postconviction-relief proceedings." *State v. Hoppe*, No. 14-2096, 2015 WL 5965596, at *1 (Iowa Ct. App. Oct. 14, 2015).

Hoppe filed a postconviction-relief application alleging, "There is video evidence that shows this is far f[r]om a first-degree theft." Following an evidentiary hearing at which Hoppe did not appear, the postconviction court denied the application. Hoppe appealed.

## I. Ineffective Assistance – Plea Counsel

Hoppe contends his plea attorney was ineffective in failing to adequately investigate the value of the stolen concrete forms, rendering his plea unknowing and unintelligent and lacking in a factual basis. Hoppe must prove deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where there is no factual basis, prejudice is presumed. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

---

[1] These aluminum molds are used in construction projects to pour concrete into specific shapes.

Our de novo review of the record reveals the following facts. On the day the trial information was filed, the victim witness coordinator filed a statement of pecuniary damages incurred by the concrete company that owned the forms. The statement listed the value of the stolen property as $32,872. The minutes of testimony, also filed the same day, stated that a representative of the concrete company would testify, "The value of these concrete forms was approximately $50,000."

At the plea hearing, the district informed Hoppe the crime included an element "that the property had a value of more than $10,000." Hoppe said he understood. The court then asked Hoppe, "[D]o you agree, Mr. Hoppe, that the value of the property was more than $10,000?" Hoppe answered, "Yes." He also confirmed the substantial accuracy of the minutes of testimony.

At an originally-scheduled sentencing hearing, Hoppe stated he had not been afforded an opportunity to view videos of the crime scene. The district court reset the sentencing hearing and the prosecutor stated, "[T]he evidence will be available for him to look at any time."

At the reset sentencing hearing, Hoppe asked to withdraw his plea based on an insurance settlement he believed controverted the "value" element of the crime. The prosecutor informed the court that the "missing property [was] valued at approximately $117,000," the concrete company received an insurance payment of "$84 thousand and change," and "the State filed a pecuniary damage statement for the remainder of $32,872."

The sentencing court treated Hoppe's request to withdraw the plea as a timely motion in arrest of judgment. The court concluded Hoppe's challenge to the

value element was "a false issue" and his plea appeared "to have been voluntarily and intelligently made and made in compliance with the case law and court rules that underline those and that there is a factual basis for it." The court conceded "there may be a dispute as to what actual restitution is owed" but found no "grounds to set aside the plea."

At the postconviction-relief hearing, Hoppe's plea attorney testified he received statements of the missing inventory's value and he turned the materials over to Hoppe. He stated,

> On many occasions, I explained to Mr. Hoppe what the elements of a theft in the first degree charge were and that specifically one of the elements that would be required to be proven by the State was that the value of the items taken had to exceed $10,000. And that was explained . . . prior to the plea proceeding. It was explained at the time of the plea proceeding by both myself and by the Judge.

Counsel also testified he advised Hoppe that it did not matter what he "received for compensation for the items that [he] scrapped or sold. It was the value of those items . . . at the time that they were taken" that was important.

We conclude plea counsel did not breach an essential duty in failing to challenge the value element of first-degree theft.

## II. Ineffective Assistance – Postconviction Counsel

Hoppe next takes issue with his postconviction attorney's effectiveness. The attorney sought to introduce a letter from the concrete company's insurer to support the proposition that the stolen property did not exceed $10,000 in value. The postconviction court sustained an objection to the exhibit for lack of foundation. Hoppe now argues, "It was a breach of an essential duty for counsel

to not secure a witness that could lay a foundation for the proposed evidence." We choose to resolve the issue on prejudice grounds.

The letter, which was included in the record as a proposed exhibit, listed the subrogation amount on the insurance claim as $84,526.75, well over the "more than $10,000" figure necessary for a first-degree theft conviction. In addition, an attachment to the document stated "total $33,620 stolen on camera." In light of these figures, there is no reasonable probability of a different outcome had counsel obtained a foundational witness and succeeded in admitting the document. *See Petithory v. State*, No. 07-0520, 2008 WL 2200058, at *3 (Iowa Ct. App. May 29, 2008).

## III.    *Denial of Motion for Continuance*

Hoppe contends the postconviction court abused its discretion in denying his attorney's motion to continue the proceeding in light of his absence. *See State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000) (setting forth standard of review). He acknowledges his presence was not constitutionally mandated but asserts, "The court should have allowed a continuance to provide post-conviction counsel the opportunity to ascertain [his] whereabouts and intentions on appearing."

On the day of the hearing, Hoppe's attorney informed the court that, while "trying to track [Hoppe] down" for the hearing, he learned there was an "outstanding warrant for his arrest on probation violations." Counsel stated, "So I'm left under the assumption, I guess, that he is not here because he's aware that he has a warrant for his arrest and is choosing not to attend based upon the fact that he doesn't want to be arrested."

In denying the motion, the district court reasoned as follows:

At this point, the Court finds that even assuming Mr. Hoppe is not here because he knows about the warrant for his arrest and he is avoiding being served with the warrant for his arrest and knowing that he is not at least in the custody of the Linn County Jail, the Court finds there is not good cause to grant the motion to continue at this time.

We conclude the court acted within its discretion in denying the continuance motion.

We affirm the district court's denial of the postconviction-relief application.

**AFFIRMED.**