# IN THE COURT OF APPEALS OF IOWA

No. 22-1228
Filed August 9, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KELLY NICHOLAS JUDGE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Kelly Judge appeals from his conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

Christopher Kragnes Sr., Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Kelly Judge appeals from his conviction for domestic abuse assault causing bodily injury. He argues the district court should have ordered a continuance of trial following his final pretrial conference.

In September 2020, Judge filed a written arraignment for his charge with a plea of not guilty. The district court ordered several continuances due to the COVID-19 pandemic and other reasons. In October 2021, the court suspended proceedings and, on defense counsel's motion, ordered Judge to undergo a competency evaluation under Iowa Code chapter 812 (2020). The evaluation determined Judge was not competent to stand trial but there was a "moderate probability" he could become competent after appropriate treatment. The court accepted this evaluation and ordered Judge committed for treatment. Another evaluation dated May 24, 2022, determined Judge was now competent to stand trial. The court thereafter found Judge competent and resumed the proceeding.

The court held the final pretrial conference on June 27, 2022, three days before the scheduled start of trial. Despite Judge's concerns about the trial date, the court held trial as scheduled, and the jury returned a guilty verdict. The court sentenced him to 365 days of incarceration with all but two days suspended, two years of probation, and fines and surcharges. He appeals.

"We review the denial by the district court of a motion for continuance for an abuse of discretion." *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000). Because the decision "lies within the broad discretion of the trial court," we do not disturb the court's ruling "unless an injustice has resulted." *State v. Leutfaimany*, 585 N.W.2d 200, 209 (Iowa 1998).

The State argues Judge failed to preserve error because he never requested a continuance in the days before trial. *See State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022) (stating preservation of error requires a party "to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered"). During the final pretrial conference, the State took the position it would have no objection if Judge sought a continuance if he intended to raise a diminished-responsibility defense. Defense counsel spoke about his concerns that Judge was not competent to assist in his defense and that he did not have time to investigate a diminished-responsibility defense in order to raise it at trial. While defense counsel made no specific motion for a continuance, the issue of whether to delay trial to afford counsel time to investigate a defense of diminished responsibility was discussed by defense counsel, the prosecutor, Judge, and the court. As such, the court treated the broad discussion of whether to delay trial for further defense investigation or for defense counsel's questioning of Judge's perceived decline since his recent competency evaluation as a motion to continue, and the court declined to do so. Thus, the issue of a continuance is preserved for our review.

As to Judge's competency, his counsel made clear he was not asking for another chapter 812 evaluation. Instead, defense counsel "ask[ed] the court to review what it's heard and seen so far whether Mr. Judge is able to go to trial in the first place and be able to fulfill his role in assisting in his defense." The court noted the earlier delay for evaluation and treatment followed by the recent evaluation finding Judge competent. The court concluded it "is not in a position to . . . override [the recent competency evaluation] with its own judgment simply

based on what it's seen here today." While Judge was unfocused at times during the conference, he was also able to fully answer the court's questions. Nothing in the record shows the court abused its discretion by declining to continue trial based on concerns over Judge's competency, especially after his counsel declined to request another chapter 812 evaluation.

As to the diminished-responsibility defense, the court asked Judge himself if he wanted to delay trial to investigate the defense:

> THE COURT: [Defense counsel's] hands are tied a little bit by the fact that there is not sufficient time for him to look into a defense for you known as diminished responsibility. And in order to get that defense in front of the jury, there's got to be evidence presented about a diminished responsibility. For [defense counsel] to look into that and possibly secure the services of an expert in that regard, that would delay your trial. Do you understand that?
> JUDGE: Why would it? How long would it delay it?
> THE COURT: Well, it would delay it beyond Thursday to probably next month at least. Do you understand that?
> JUDGE: I would like—Is trial this week?
> THE COURT: It's Thursday, yes.
> JUDGE: Thursday? Well, I'd like—there's a video so I don't know.
> THE COURT: Well, do you understand that if you have your trial Thursday and [defense counsel] doesn't have evidence to present that would constitute a legitimate defense to this allegation, you won't be able to put that defense before the jury and the court won't be able to instruct the jury on the availability of that defense? Do you understand that?
> JUDGE: Yes.
> THE COURT: And you want to waive that right then and proceed to trial on Thursday?
> JUDGE: Yeah, I'd like to go to court as soon as possible.

Judge told the court he wanted to go to trial "as soon as possible," even without the diminished-responsibility defense. Judge maintains the parties referred to the speedy-trial deadline earlier in the conference, showing everyone mistakenly believed the deadline was imminent and Judge would need to waive

his speedy-trial rights to continue trial. However, the above colloquy shows the speedy-trial deadline was not a factor in Judge's desire to promptly go to trial. Furthermore, the court never indicated it considered the speedy-trial deadline when declining to continue trial. Based on Judge's stated desire to proceed with trial as scheduled, the court did not abuse its discretion in declining to continue trial in order for defense counsel to investigate a possible diminished-responsibility defense.

**AFFIRMED.**