**IN THE COURT OF APPEALS OF IOWA**

No. 18-0868
Filed January 23, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DAVID SHELLEDY,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.

　　　　David Shelledy appeals the district court's denial of his motion to continue sentencing and the sentence imposed. **AFFIRMED.**

　　　　Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　　　Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

David Shelledy appeals his sentence for operating while intoxicated, third offense. Shelledy claims the court should have continued his sentencing hearing until his inpatient treatment program was complete, and the court erred by imposing a harsher sentence than recommended in his presentence investigation report (PSI). We find the court acted within its discretion in denying the motion to continue the sentencing hearing and in imposing sentence.

### I.     Background Facts & Proceedings

On November 7, 2017, Shelledy was arrested after he was witnessed driving into a convenience store parking lot while inebriated. On November 14, the State charged Shelledy with operating while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2 (2017), a class "D" felony; and driving while his license was revoked, in violation of section 321J.21, a serious misdemeanor. On March 15, 2018, Shelledy pleaded guilty to the OWI charge pursuant to a plea agreement, and the State agreed to dismiss the driving while revoked charge. The plea agreement did not specify sentencing recommendations. Sentencing was set for May 14.

Shelledy obtained three substance-abuse evaluations. The first, in December 2017, recommended intensive outpatient treatment for alcohol abuse. Shelledy was referred to outpatient treatment in his home state of Missouri but did not participate, instead participating in Alcoholics Anonymous (AA) classes as advised by his attorney. An evaluation was performed in March in his home state, but he moved to Iowa to help his mother and obtained an updated Iowa evaluation in April 2018; this last evaluation recommended inpatient residential treatment.

Shelledy was added to a waitlist at an inpatient program in Iowa. Shelledy has twice before completed the Iowa Department of Corrections's (DOC) OWI programming.

On May 4, the DOC filed Shelledy's PSI. The PSI stated incarceration would be an appropriate sentence but recommended the statutory minimum of thirty days in jail with the remaining sentence suspended; the DOC's recommendation was based on his current employment, involvement in AA, and positive social support. The PSI also recommended completion of a substance-abuse treatment program. The PSI noted this was Shelledy's sixth OWI conviction, his third within twelve years, and that he had been discharged from his most recent OWI parole in October 2017.

On May 10, after receiving the PSI, Shelledy filed a motion to continue the sentencing hearing to September so he could complete an inpatient treatment program, which he would begin in late July. He then amended the motion to move sentencing to July as he could enter the inpatient program in late May. Time spent in residential treatment, if it qualified under statute, might have been credited against the thirty-day mandatory minimum for Shelledy's sentence. The court denied the motion, finding Shelledy had "ample time to complete treatment."

At sentencing, Shelledy requested the statutory sentence, suspended except for the minimum thirty-days in jail, and inpatient treatment credited toward his jail term. The State recommended sending Shelledy to prison. The court sentenced Shelledy to an indeterminate term of imprisonment not to exceed five years. Shelledy appeals.

## II.      Standard of Review

"We review the denial by the district court of a motion for continuance for an abuse of discretion."  *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000).  "Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."  *Id.*

## III.      Analysis

**A.      Motion to continue.**  Shelledy claims the district court abused its discretion in denying his motion to continue filed four days prior to the scheduled sentencing hearing.  The sentencing hearing had been set two months after the plea hearing.  Four days before the hearing, Shelledy sought to continue sentencing by four months so he could complete a residential treatment program.

"A trial judge is required to set a date for the pronouncement of judgment and imposition of sentence within a reasonable time after a verdict of guilty." *Artzer*, 609 N.W.2d at 531.  "The process does not contemplate unnecessary delay between the verdict of guilty and the entry of judgment and sentence."  *Id.*  The decision to grant or refuse a continuance rests in the trial court's discretion and will not be disturbed unless it results in injustice.  *State v. Clark*, 814 N.W.2d 551, 564 (Iowa 2012).  "A motion for continuance shall not be granted except upon a showing of good and compelling cause."  Iowa R. Crim. P. 2.9(2).

Shelledy had received an outpatient treatment recommendation prior to his plea hearing, and two more after the hearing.  However, he did not pursue treatment beyond AA meetings until discovering the PSI recommended the

minimum sentence. Shelledy's alcohol problems are long-standing. His motion did not demonstrate any reason outpatient treatment could not have been sought earlier even if he did not receive a recommendation for inpatient treatment until the end of April. Shelledy's motion did not demonstrate any other "good and compelling cause" for continuance. The court did not abuse its discretion in denying Shelledy's motion to continue sentencing by four months. We affirm the district court's order.

**B.    Sentencing.** Shelledy claims the district court's sentence was imposed "on grounds or for reasons clearly untenable of to an extent clearly unreasonable." The court sentenced Shelledy to the statutory five-year indeterminate sentence and minimum fine prescribed for "D" felonies. *See* Iowa Code § 321J.2(5).

"Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others." *Formaro*, 638 N.W.2d at 725. We presume a sentence within the statutory parameters is valid, and on review we only decide whether the sentence imposed was unreasonable. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). A PSI sentencing recommendation does not bind the court but is simply a factor that can influence the sentencing decision. *Id.* at 557.

In its analysis, the court acknowledged the reasons for encouraging a lighter sentence. The court also noted this was Shelledy's sixth OWI violation, Shelledy had just completed parole the month prior to the instant offense, and that Shelledy had undergone treatment at the DOC's OWI facility twice, including in the spring of 2017.

We find the court's decision was not unreasonable under the circumstances and it did not abuse its discretion.  We affirm the sentence of the district court.

**AFFIRMED.**