# IN THE COURT OF APPEALS OF IOWA

No. 18-1381
Filed April 17, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDALL LEE BROOKS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Randy V. Hefner (trial and post-trial motions), Judge, and Kevin Parker (sentencing), District Associate Judge.

Randall Lee Brooks appeals his conviction for driving while barred as a habitual offender. **AFFIRMED.**

S.P. DeVolder of The DeVolder Law Firm, P.L.L.C., Norwalk, and Trever Hook of Kutmus, Pennington & Hook, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The Iowa Department of Transportation (DOT) mailed Randall Lee Brooks an "Official Notice" dated May 22, 2013, stating:

> You are hereby notified that effective 04-08-14 your privileges to operate motor vehicles are barred under the provisions of Section(s) 321.560 of the Code of Iowa THROUGH 04-06-18.
>
> This action is being taken due to the records of the Department indicate you are a HABITUAL OFFENDER of the traffic laws as defined by Iowa Code Section 321.555.  Violations: Driving While Suspended, Denied, Cancelled, Revoked on 02-05-2011, Driving While Barred on 06-10-2011, Driving While Barred on 12-30-2012.
>
> Surrender your Iowa driver's license to the address above.
>
> YOU MAY BE PROSECUTED FOR FAILURE TO SURRENDER YOUR LICENSE.
>
> Iowa law provides you are entitled to an appeal of this action. If you choose to request an appeal, you must submit a written request on or before 06-16-13.  Your request must include your full name, driver's license number, current address, and telephone number and be sent or delivered to the address above.  A request for appeal has been included on this form.
>
> . . . .
>
> WARNING: Effective 04-08-14 you are not entitled to operate any motor vehicle in this state until you have received an official notice from this department terminating this action.

Brooks did not request a hearing.  After Brooks was stopped for speeding on May 16, 2017, the State charged him with driving while barred as a habitual offender. A jury found Brooks guilty as charged.

Brooks's primary argument on appeal concerns the district court's refusal to allow evidence concerning an alleged error in Brooks's official driving record. Brooks claimed that his driving record erroneously included a December 27, 2010

citation for driving while denied that had been issued to someone with a similar name.[1]  In Brooks's view, this error set into motion a series of events[2] that eventually led the DOT to bar his license as a habitual offender.[3]  In other words, if not for the error, his license would not have been barred at the time he was stopped in 2017.  Following an offer of proof, the trial court ruled that Brooks could not collaterally attack the DOT action barring his license as a habitual offender and, therefore, the evidence was inadmissible.

We review the district court's evidentiary rulings for an abuse of discretion. *See State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015).  "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'"  *Id.* (citation omitted). Erroneous application of the law constitutes an abuse of discretion.  *See id.*

The proper method of challenging a DOT habitual-offender adjudication is to exhaust all agency remedies and then file a petition for judicial review with the district court.  *See State v. Clark*, 608 N.W.2d 5, 8 (Iowa 2000).  If a motorist fails to do so, the DOT's adjudication "is entitled to res judicata effect as if it were a judgment of a court."  *Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 517–18 (Iowa 1998).  A motorist whose license the DOT has barred cannot collaterally attack the

---

[1] The name listed on the driving-while-denied citation is Polk Lee Brooks rather than Randall Lee Brooks, though the citation includes Brooks's driver license number.

[2] Brooks claims that because the 2010 citation was never issued to him, he never paid the fine associated with it.  His failure to pay that fine led to the suspension of his license, which in turn led to a February 2011 citation for driving while suspended, which then led the DOT to bar his license from April 2011 until April 2014.  During that period, Brooks received two citations for driving while barred, which caused the DOT to bar Brooks's license as a habitual offender from April 2014 through April 2018.

[3] Despite Brooks's claim that barring of his license as a habitual offender is a consequence of this error, no such evidence was presented during the offer of proof.

DOT's action in a criminal prosecution for driving while barred. *See State v. Clark*, 608 N.W.2d 5, 8-9 (Iowa 2000).

The district court did not abuse its discretion in refusing to allow Brooks to present evidence challenging the legitimacy of the DOT action barring his license as a habitual offender. There is no question that Brooks received a notice of the DOT action to bar his license from April 2014 to April 2018. Brooks did not request a hearing or otherwise file an agency appeal. The question of whether his license was barred at the time of his 2017 citation for driving while barred is not subject to collateral attack.

Brooks claims he is entitled to attack the 2010 citation based on the DOT's failure to provide him with proper notice. *See State v. Green*, 722 N.W.2d 650, 652 (Iowa 2006) (holding the State's failure to show the DOT mailed the defendant notice regarding the suspension of his driver license precluded a conviction for driving under suspension). Perhaps his argument would have merit if this appeal concerned the 2011 conviction for driving under suspension, but that ship has sailed. More than six years passed between the suspension of Brooks's license for nonpayment of the 2010 citation and his arrest for driving while barred as a habitual offender, during which time he has incurred multiple citations and twice had his license barred. Now, faced with the consequences following these intervening events, Brooks seeks to attack the legitimacy of the 2010 citation. Brooks cannot object to the fall of the last domino by now claiming the first domino fell in error. The time to seek redress has long since passed. Because the evidence Brooks sought to introduce was for the purpose of collaterally attacking the DOT action and was therefore inadmissible, we affirm.

Brooks also contends the trial court abused its discretion in denying his request for a continuance to allow him to pursue administrative remedies. Such motions "shall not be granted except upon a showing of good and compelling cause." Iowa R. Crim. P. 2.9(2).

> Otherwise, the date assigned for trial is considered fixed. The decision to grant or deny a motion for continuance rests in the sound discretion of the trial judge. It will not be disturbed on appeal unless an injustice has resulted. The standard recognizes the interest of both the state and the defendant in a speedy and fair trial.

*State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000) (citations omitted). Because the time for administrative remedies had passed, Brooks failed to establish a good and compelling cause for the continuance. The district court acted within its discretion in refusing to continue the trial.

Brooks next asserts that his right to be present at trial was violated. The record shows that when trial reconvened at 1:15 p.m. following a recess, Brooks was not present. Brooks's counsel went on to make the offer of proof. Brooks returned to the courtroom sometime thereafter.[4] Later, his counsel explained "for [his] client's benefit": "We made what's called an offer of proof when Mr. Brooks was a little bit tardy. We started right on time, and the DOT officer was called about the Defendant's Exhibit A, the 2010 ticket for which there's a case of mistaken identity." At no time did Brooks or his counsel object to continuing the trial in his absence. As has often been recognized,

> Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal. A party challenging a statute on constitutional grounds must do so at the

---

[4] Although there is no indication as to exactly what time Brooks reentered the courtroom, the record shows he entered just after completion of the offer of proof and before the jury entered the courtroom at 1:34 p.m.

> earliest available time in the progress of the case. A failure to make the challenge in a timely manner leaves nothing for the appellate courts to review.

*State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997). Because the claim was not raised to the trial court, error was not preserved.

In the alternative, Brooks alleges his trial counsel was ineffective "in failing to formally raise Brooks' absence to the district court, move to briefly delay the proceedings so that Brooks' whereabouts could be determined, and to make a record on involuntariness after Brooks returned to the courtroom." In order to succeed on a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Although we will address a claim of ineffective assistance of counsel on direct appeal when the record is sufficient to decide the issue, *see State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014), we generally preserve such claims for postconviction-relief proceedings where a proper record can be developed, *see State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013). Because the record here is insufficient, we preserve this claim for a postconviction proceeding. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

Finding no error on the claims properly presented on appeal, we reject Brooks's claim that he should be granted a new trial based on the cumulative effect of the errors alleged. *See State v. Burkett*, 357 N.W.2d 632, 638 (Iowa 1984).

**AFFIRMED.**