# IN THE COURT OF APPEALS OF IOWA

No. 18-1665
Filed April 15, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**WAYNE CORDALE BUMPUS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes (plea) and Mark D. Cleve (sentencing), Judges.

Wayne Bumpus appeals his convictions for theft and burglary. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Wayne Bumpus appeals his convictions for theft and burglary. Bumpus claims the district court abused its discretion by denying a motion to continue the sentencing hearing for a mental-health evaluation for possible placement in a mental-health court program. Bumpus also asserts his counsel provided ineffective assistance, and the deficient assistance rendered his guilty plea involuntary.[1] Because we find the court did not abuse its discretion and Bumpus has not established ineffective assistance of counsel, we affirm.

## I. Background Facts & Proceedings

In April and July of 2017, a grocery store's surveillance videos captured images of a man loading cases of premium alcohol and other items in a grocery cart and walking out of the store without paying. In the July incident, Bumpus removed a lock and entered an employee-only area of the store to access the cases of alcohol and loaded the items in a silver Chrysler 300. Officers identified Bumpus from still-image pictures taken from the video.

Officers surveilled Bumpus's home and witnessed him driving the same vehicle and parking it in a detached garage. On August 8 and 9, police obtained and executed a search warrant for Bumpus's home, outbuildings, and the Chrysler 300. A second search warrant was obtained for the data contained on cell phones that had been seized during the August 9 search. Bumpus was arrested in

---

[1] The Iowa legislature amended Iowa Code sections 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. *See* Iowa Code §§ 814.6–.7 (2020). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

October. In December 2017, a trial information was filed charging Bumpus with two charges of theft in the second degree, one count of burglary in the second degree, ongoing criminal conduct, and a habitual offender enhancement.

On June 6, 2018, Bumpus pleaded guilty to two counts of theft in the second degree and one count of burglary in the second degree; the remaining charge and enhancement were dismissed. A memorandum of plea agreement was filed and referenced during the plea hearing. Sentencing was scheduled for August 30, almost three months later.

At the beginning of the sentencing hearing, Bumpus's counsel moved to continue the sentencing hearing. Counsel asserted she had received an email from another attorney who was attempting to get Bumpus a mental-health evaluation and possible medication for an application for Bumpus to be accepted in mental health court in another matter. Bumpus requested time to determine his status with the mental health court. The prosecutor informed the court she did not know about any other case in Scott County involving Bumpus or "in what capacity [the other attorney] has made this application." The prosecutor stated a desire to proceed. The court denied the continuance and imposed sentence. Bumpus appeals.

## II. Standard of Review

"We generally review a district court's denial of a motion for continuance for an abuse of discretion." *State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012). We review ineffective-assistance-of-counsel claims de novo. *Id.*

### III. Analysis

**A. Motion to continue.** Bumpus contends the district court abused its discretion in denying his motion to continue made the morning of the sentencing hearing. The sentencing hearing had been scheduled for almost three months. Bumpus moved to continue the hearing for an unspecified period of time to "figure out what's happening with the mental health court status."

"We review the denial by the district court of a motion for continuance for an abuse of discretion." *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000). "A trial judge is required to set a date for the pronouncement of judgment and imposition of sentence within a reasonable time after a verdict of guilty." *Id.* at 531. "The process does not contemplate unnecessary delay between the verdict of guilty and the entry of judgment and sentence." *Id.* Motions to continue are discouraged and only granted "upon a showing of good and compelling cause." Iowa R. Crim. P. 2.9(2). We will not disturb a denial of a continuance unless it results in injustice. *State v. Clark*, 814 N.W.2d 551, 564 (Iowa 2012).

The presentence investigation report (PSI) indicates Bumpus was scheduled to have a psychiatric evaluation on July 17, but he did not attend. The PSI also listed numerous intervention programs Bumpus had been afforded over the years, including prior psychological services and substance-abuse treatment programs. Bumpus did not assert he had a scheduled evaluation or offer evidence of mental-health-court involvement.

Bumpus's motion did not demonstrate a "good and compelling cause" for continuance. The court did not abuse its discretion in denying Bumpus's motion to continue sentencing. We affirm.

**B. Ineffective assistance of counsel.** Bumpus asserts his counsel provided ineffective assistance in a number of ways. This includes failing to assert his competency as a reason for the continuance, undue inducement to plead, failing to file a motion to suppress, and failing to object to a deficiency in his plea and colloquy.

"To succeed on an ineffective-assistance-of-counsel claim, a defendant must show by a preponderance of the evidence that: '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *Clark*, 814 N.W.2d at 567 (citation omitted). If either element is not established, we can affirm on appeal. *Id.* On a direct appeal in which a defendant asserts ineffective-assistance claims, "[o]ur threshold question is whether the record . . . is sufficient to resolve th[e] question." *Macke*, 933 N.W.2d at 236.

*1. Competency.* Bumpus claims his counsel was ineffective by failing to fully review Bumpus's mental health, identify the need for an evaluation prior to the sentencing hearing, and file an application for a competency evaluation as a ground for the motion to continue. We do not have a sufficient record to evaluate these claims. Because the record is insufficient to adequately review these assertions on direct appeal, we preserve them for possible postconviction relief. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

*2. Undue inducement.* Bumpus claims his guilty plea was involuntary because counsel was ineffective and unduly induced him to take the plea deal. If

this argument was intended to stand as a separate claim for ineffective assistance from the others we address, it has not been sufficiently developed to allow its consideration and we preserve it for a possible postconviction-relief proceeding. *See id.*

*3. Motion to suppress.* Bumpus proposes two grounds on which counsel should have filed a motion to suppress: the search of his house was illegal because the officers did not tell him he could refuse consent for the search and the officers violated his *Miranda* rights[2] by conversing with Bumpus and his paramour during the search. "Counsel has no duty to raise an issue that has no merit." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

As to Bumpus's claim that the search of his home was warrantless and without his consent, the minutes of testimony included a copy of the search warrant issued the day before the search. The search of Bumpus's home was pursuant to a valid search warrant—it was not a consent search. Therefore, Bumpus's proposal that we should recognize a new per se requirement that police advise individuals of their right to decline a search would not apply in this case. *See State v. Pals*, 805 N.W.2d 767, 782 (Iowa 2011) (declining to evaluate whether such a per se requirement should be adopted). Bumpus does not challenge the warrant and, thus, any motion to suppress evidence obtained in the warranted search would not have been successful.

As to the claimed *Miranda* violation, Bumpus refers to his conversation with an officer during the execution of the search warrant. Bumpus provides no facts

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).

to support the allegation that he was subject to custodial interrogation and identifies no statements to be suppressed. Bumpus was expressly told he was not under arrest and did not have to speak with the officers at the time the search warrant was executed, the conversation took place in his home, and it ended when Bumpus indicated he wanted to speak with his attorney. The circumstances of that conversation do not establish Bumpus was in custody and entitled to *Miranda* warnings. *See State v. Miranda*, 672 N.W.2d 753, 759 (Iowa 2003) (explaining the objective test for whether a reasonable person would consider themselves in custody). This ground for a motion to suppress also would have been meritless. Consequently, counsel did not provide ineffective assistance by not filing a motion to suppress. *See Fountain*, 786 N.W.2d at 263.

*4. Plea colloquy.* Bumpus claims his written plea did not comply with Iowa Rule of Criminal Procedure 2.8(2)(b)(2) and he was not informed of the consequences of his plea before the court accepted it. Bumpus claims his counsel was ineffective for failing to object to the court's acceptance of the plea.

Bumpus did not file a written plea of guilt—the memorandum of the plea agreement was not a written plea. Bumpus entered his plea on the record at the plea hearing. Even if Bumpus had filed a written plea, the plea colloquy on the record is what we look to for the terms of a plea agreement and to meet the requirements of a rule 2.8(2)(b) hearing. *See Macke,* 933 N.W.2d at 236–37 (noting the "controlling terms . . . are those described on the record during the plea hearing").

At the plea hearing, the court expressly stated, "I have to inform you of your maximum and minimum penalties, sir, for what you're pleading guilty to this

morning." The court then discussed the maximum and minimum incarceration period for each offense in the plea, the maximum and minimum fines, applicable surcharges, and DNA-sample requirement. The court then stated the maximum term of imprisonment if the sentences were run consecutively. This portion of the colloquy occurred before the court reviewed Bumpus's trial rights, the State's proof requirements, and before Bumpus answered questions about what happened to provide a factual basis for his plea. All these discussions occurred before the court asked Bumpus to enter his plea as to each count.

Bumpus was informed of the full consequences of his guilty plea prior to the court's acceptance of that plea. Counsel did not provide ineffective assistance as claimed.

Accordingly, the court did not abuse its discretion in denying Bumpus's motion to continue, and Bumpus either has not established any of his claims of ineffective assistance of counsel by a preponderance of the evidence or the record is inadequate to address them.[3] We therefore affirm the district court.

**AFFIRMED.**

---

[3] Because Bumpus's claims of ineffective assistance of counsel either require further development or have no merit, we do not address Bumpus's claim of "cumulative prejudice." *See State v. Clay*, 824 N.W.2d 488, 501–02 (Iowa 2012).